MATHEW J. BOBOLA *vs.* ROYAL ELECTRIC Co., INC.

MATHEW J. BOBOLA *vs.* ROYAL ELECTRIC Co., INC.

JUNE 14, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. These are employee's petitions under the workmen's compensation act, general laws 1938, chapter 300, as amended by public laws 1954, chap. 3297. The first case, numbered Equity No. 2447, is a petition for review of a preliminary agreement on the ground that the employee's incapacity has returned, and the second case, numbered Equity No. 2448, is a petition to amend the agreement on the ground that "due to accident, mistake and unforeseen cause [it] failed to correctly diagnose" the injuries and "failed to set out all the injuries received" by the employee. By agreement both cases were heard together by a single member of the workmen's compensation commission who entered a decree in each case granting the petition. From decrees of the full commission affirming the single commissioner's decrees, the respondent has appealed to this court.

The petitioner received an injury arising out of and in

the course of his employment at respondent's plant on September 4, 1952. He was thereby incapacitated on and after September 5, 1952 for three weeks and one day. He was awarded compensation of $28 a week for that period under a preliminary agreement which described his injury as "Bursitis of both knees." The agreement was suspended after petitioner returned to work at his regular wages on September 29, 1952. However, his knees continued to bother him while he was working, and finally on February 4, 1954 he was again compelled to quit work because of the swelling and severe pain in his right knee.

He claimed that such condition was a return of his injury of September 4, 1952. On October 1, 1954 he filed the instant petition to review the preliminary agreement for the purpose of having compensation awarded to him for total incapacity from February 4, 1954. In the meantime, before such petition was set down for hearing, it developed from medical examinations and X rays that his right knee was tubercular and had been so for a long time, and that it had been aggravated by trauma on September 4, 1952. Hence on November 30, 1954 petitioner filed the instant petition to amend the agreement to include among the injuries received on September 4, 1952 tuberculosis of the right knee.

The evidence is undisputed that petitioner has a tubercular knee. There is also evidence that he had it on September 4, 1952; that his work made the condition worse and was a predisposing factor in making such condition disabling; and that petitioner's work on September 4, 1952 aggravated such condition. The respondent concedes that tuberculosis of the right knee has incapacitated petitioner since February 5, 1954, but contends that it was caused by an aggravation at that time of the condition described in the agreement, for which it assumed liability. Such aggravation, respondent further contends, is not the proper subject of a petition for review but of an original petition. This point, it contends, is of real importance in the circumstances here since it changed its insurance carrier on June 27, 1953. If

those contentions are sound presumably the first insurance carrier, who defended the instant petitions on respondent's behalf, expects to shift liability to the second carrier, who assumed the risk on June 27, 1953.

We are of the opinion that on the facts here this point is of no consequence as far as the petitioner is concerned. The commission's decree found that petitioner's tuberculosis in the right knee was due to his work duties on September 5, 1952 and that failure to correctly diagnose his injury as such was the cause of the omission of that condition from the preliminary agreement. The respondent concedes that those findings are supported by some evidence. This being so the preliminary agreement stands amended so as to read that the injury which petitioner received on September 4, 1952 and by which he was incapacitated as of September 5, 1952 was tuberculosis of the right knee.

However, it is the commission's second finding of fact that respondent strongly opposes. Such finding reads: "2. That the petitioner's tubercular knee condition was not caused by any intervening incident prior to January 20, 1953." We understand this finding to mean that there was no evidence of anything happening between September 5, 1952 and January 20, 1953 which would warrant a finding that the disabling tubercular condition had its origin during that period. We think that such a negative finding is not warranted on a petition to amend because of an incorrect diagnosis. The only question for determination on the petition here was whether petitioner's incapacitating injury was correctly diagnosed as of September 5, 1952 and not at any time thereafter. When the commissioner found that it was incorrectly diagnosed by the omission of the tubercular condition of petitioner's right knee there was nothing further for him to do. Therefore the inclusion of the second finding in the decree was erroneous and such finding should be excluded.

This brings us to the consideration of the petition for review. The commission's decree found: "1. That the peti-

tioner sustained tuberculosis in the right knee due to work duties on September 5, 1952. 2. That the petitioner's incapacity for work returned on February 5, 1954 and continues to render him so disabled due to the injuries suffered on September 5, 1952."

The respondent contends that the first finding is erroneous in that it was not an issue before the commission. In support of such contention he argues that on a petition for review the scope of the review is limited to the injury described in the preliminary agreement and cites *Stillwater Worsted Mills, Inc.* v. *Mehegan,* 80 R. I. 449. This is true and in our opinion the first finding meets that requirement. The respondent overlooks the fact that it is the agreement as amended which is being reviewed. The commission quite properly viewed the issue before it on the petition for review not from the viewpoint of the agreement as originally entered but as amended. Having sustained the commission's decree authorizing the amendment we must view the agreement in the same light.

The respondent further contends that the first finding is not an ultimate finding of fact and that only such findings may be properly set out in the decree. In support of this contention it cites *Walsh-Kaiser Co.* v. *Della Morte,* 76 R. I. 325. The respondent's contention as to the law in this respect is correct but we cannot agree that the first finding is not a finding of an ultimate fact. It is true that strictly there was no necessity for making such an express finding, since it was already a fact agreed upon in the preliminary agreement by virtue of its amendment pursuant to the petition to amend. Nevertheless it was not error to include it in the decree. The respondent's reasons of appeal with reference to the first finding of fact in the decree are, therefore, without merit.

Under its other reasons of appeal respondent argues that there is no legal evidence to support the commission's second finding of fact. The respondent claims that all the

evidence would support only a finding of fact that petitioner was incapacitated by the tubercular condition of his right knee from February 5, 1954. From an examination of the transcript we think there is evidence, at least by way of inference, which would warrant the commission in concluding that the tuberculosis was inactive in the petitioner but not disabling until September 4, 1954, and that on that date it increased, as a result of petitioner's work duties, to such an extent as to become disabling. We also think there is some evidence to support the view that after petitioner had a period of rest such disabling condition subsided so that he could return to work, and that it was this same condition which became active again after he returned to work and ultimately caused petitioner's present incapacity.

The respondent contends the evidence shows that petitioner's claim is based upon the aggravation of a pre-existing condition and that in such circumstances his remedy is not by a petition for review but by an original petition, citing *Recchia* v. *Walsh-Kaiser Co.*, 71 R. I. 208, *Paplauskas* v. *Reynolds Machinery Co.*, 71 R. I. 297, *Bucci* v. *H. P. Hood & Sons, Inc.*, 75 R. I. 8, *Conti* v. *Washburn Wire Co.*, 77 R. I. 31, and *Maresca* v. *Lumber Mutual Casualty Ins. Co. of N. Y.*, 82 R. I. 272, 107 A.2d 343. The difficulty with respondent's argument in this respect, as with certain of its other contentions hereinbefore treated, is that it overlooks the fact that the agreement as amended describes the injury which incapacitated petitioner on September 5, 1952 as tuberculosis of the right knee. Therefore the above-cited cases are not in point, since the factual situation in none of them was the same as in the instant case. Here we have no aggravation of a pre-existing condition or disease, but a return of the same disabling injury which it was agreed in the preliminary agreement as amended arose out of and in the course of petitioner's employment.

In the case of Mathew J. Bobola v. Royal Electric Co.,

Inc., Equity No. 2448, the respondent's appeal is sustained in part, the decree appealed from is modified by striking therefrom finding of fact numbered 2, otherwise it is affirmed, and the cause is remanded to the workmen's compensation commission with direction to enter a decree in accordance with this opinion and for further proceedings.

In the case of Mathew J. Bobola v. Royal Electric Co., Inc., Equity No. 2447, the respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*John F. McBurney,* for petitioner.

*Worrell & Hodge, Eldridge H. Henning, Jr.,* for respondent.